```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

STARR INDEMNITY & LIABILITY COMPANY                          PLAINTIFF

VS.                           CIVIL ACTION NO. 5:12-cv-151(DCB)(MTP)

MISSISSIPPI HOUSING AND DEVELOPMENT
COMPANY, INC., ET AL.                                       DEFENDANTS

                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant RREF RB Acquisitions, Inc. ("RREF")'s Motion to Dismiss the plaintiff Starr Indemnity & Liability Company ("Starr")'s Amended Complaint for Declaratory Judgment **(docket entry 195)**, and on the Court's sua sponte consideration of its subject matter jurisdiction.  Having carefully considered RREF's motion and Starr's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

Starr's Amended Complaint is a declaratory judgment action against defendants RREF, Mississippi Housing Development Corporation, Inc. ("MHD"), Southwest Development Corporation, Inc. ("SWD"), Pattison Apartment Homes III ("Pattison"), and Britton & Koontz Bank, N.A. ("B&K"), brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

The Amended Complaint for declaratory judgment is based on MHD and/or SWD's claims against Starr for property losses arising from vandalism, fire and theft which occurred on certain property

located in Pattison, Claiborne County, Mississippi.  The plaintiff alleges that there is diversity of citizenship between the parties and an amount in controversy in excess of $75,000.

Since a declaratory judgment claim is not jurisdiction-conferring, there must be an independent basis for federal jurisdiction.  <u>Budget Prepay, Inc. v. AT&T Corp.</u>, 605 F.3d 273, 278 (5th Cir. 2010).  Starr is an insurance company organized and existing under the laws of the State of Texas, having its principal place of business in the State of New York.  MHD and SWD are Mississippi domestic corporations, and Pattison is a Mississippi domestic liability company.  At the time Starr's Amended Complaint was filed, B&K was a Mississippi company.[1]  RREF is a Delaware limited liability company, having its principal place of business in the State of Florida.  Defendants MHD and SWD submitted a claim for coverage under the Starr policy of insurance for $715,617.76.  See Amended Complaint ¶¶ 2-6, 11.  The Court therefore finds that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because both the diversity of citizenship and amount in controversy requirements are met.  The Court further finds that since subject matter jurisdiction is based on diversity, the Court shall apply the substantive law of the State of Mississippi.  <u>See</u>

---

[1] Counsel for B&K filed a Supplemental Corporate Disclosure Statement on March 26, 2014 (docket entry 116), stating that B&K has merged with Home Bank, with Home Bank being the surviving entity, and that Home Bank is a Louisiana corporation.  No substitution of party appears on the docket.

<u>MGM Resorts Mississippi, Inc. v. Thyssenkrupp Elevator Corp.</u>, 2014 WL 4914243 (N.D. Miss. Sept. 30, 2014).

On or about July 10, 2011, Starr issued a policy to MHD, an entity organized for non-profit housing. The property described therein, located in Pattison, Mississippi, included rental units listed as 1127 Elizabeth Street ("Pattison I & II") and 1041 Pattison Hermanville Road ("Pattison III & IV"). On or about June 28, June 29, and July 3, 2012, three of the insured buildings located at Pattison I & II were damaged by separate fires which the plaintiff claims were incendiary. MHD submitted a claim under the Starr policy for $715,617.76 for the three fire claims. In addition, MHD sought an undetermined amount for "theft to multiple units between November, 2010 and July 2012." Amended Complaint, ¶ 11.

Upon its receipt of MHD's claim, Starr began an investigation which was ongoing at the time the Amended Complaint was filed. Starr states that it learned that the fires were the result of arson, that there were unreported incidents of vandalism, fire and/or theft on the property, and that there were policy coverage issues "including but not limited to those related to Defendants' duties under the policy, occupancy of the property and the applicable law." Amended Complaint, ¶ 12. In addition, Starr's investigation included attempts to determine who had an insurable interest under the policy, whether there was valid coverage, and

whether any of the policy defenses were applicable, "including those based upon occurrences of arson, material misrepresentation in the application of its policy, the failure of the insured to comply with the loss conditions of the policy, including the lack of compliance with the insureds' duties under the policy as well as the vacancy provisions." Amended Complaint, ¶ 13. Starr seeks a declaration of its obligation, if any, to pay proceeds under the policy. Amended Complaint, ¶ 15.

RREF's motion to dismiss, brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, alleges that Starr has not denied the insurance claims at issue, but instead has stated that its investigation of the claims is ongoing, thus requiring further factual development. Motion to Dismiss, ¶¶ 2, 7. Further, RREF asserts that Starr's Amended Complaint "should be dismissed for lack of subject matter jurisdiction because there is no case or controversy before this Court that is ripe for adjudication." Motion to Dismiss, ¶ 1.

The Fifth Circuit requires a three-step inquiry for purposes of considering a declaratory judgment action. "First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an 'actual controversy' exists between the parties to the action." Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000) (citation omitted). "Second, if it has jurisdiction, then the

district court must resolve whether it has the 'authority' to grant declaratory relief in the case presented." Id. (citation omitted). "Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action." Id. (citation omitted).

The Court interprets RREF's argument as invoking the doctrine of ripeness. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical. The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.'" New Orleans Public Service, Inc. v. Council of New Orleans, 833 F.2d 583 (5th Cir. 1987)(quoting Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967)(holding that a ripeness determination considers (1) fitness for review, and (2) hardship to parties of withholding judicial consideration)).

The Fifth Circuit recognizes that "applying the ripeness doctrine in the declaratory judgment context presents a unique challenge." Orix, 212 F.3d at 896. Applying the Abbott Labs test "in the declaratory judgment context often requires custom tailoring, for there are at least two salient differences between declaratory judgment actions and the mind-run of other cases: first, declaratory relief is more likely to be discretionary; and,

second, declaratory actions contemplate an 'ex ante determination of rights' that 'exists in some tension with traditional notions of ripeness.'" Rhode Island v. Narragansett Indian Tribe, 19 F.3d 685, 692 (1st Cir. 1994)(citations omitted)(quoted in Orix, 212 F.3d at 896). "Declaratory judgments are typically sought before a completed 'injury-in-fact' has occurred ... but still must be limited to the resolution of an 'actual controversy.'" United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000)(quoted in Orix, 212 F.3d at 896).

A specific, concrete threat of litigation can be sufficient to establish a controversy sufficient to sustain a declaratory judgment action. Orix , 212 F.3d at 897. As the Fifth Circuit has explained:

> A declaratory judgment action is ripe for adjudication only where an "actual controversy" exists. See 28 U.S.C. § 2201(a)("In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the right and other legal relations of any interested party seeking such declaration.")(emphasis added); Texas v. West Publ'g. Co., 882 F.2d 171 (5th Cir. 1989). As a general rule, an actual controversy exists where "a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." Middle South Energy, Inc. v. City of New Orleans, 800 F.2d 488, 490 (5th Cir. 1986) see generally West Publ'g. Co., 882 F.2d at 175 (noting that the "case or controversy" requirement of Article III of the United States Constitution is "identical to the actual controversy requirement under the Declaratory Judgment Act"). Whether particular facts are sufficiently immediate to establish an actual controversy is a question that must be addressed on a case-by-case basis. See Mobil Oil Corp. v. Oil, Chem. & Atomic Workers Int'l Union, 483 F.2d 603 (5th Cir. 1973); 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, FEDERAL PRACTICE

6

AND PROCEDURE § 2757, at 470 (1984).

Id. at 896.

RREF bases its motion on the fact that Starr has not denied the claims on its policy, and has not concluded its investigation of the matter. Memorandum in Support of Motion to Dismiss, ¶ 2. However, "[o]ne of the purposes of the Declaratory Judgment Act is 'to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued.'" Mesa Underwriters Specialty Insurance Co. v. Daffy's On the River, Inc., 2014 WL 5025850, *2 (S.D. Miss. Oct. 8, 2014)(quoting Rowan Cos., Inc. v. Griffin, 876 F.2d 26, 28 (5th Cir. 1989)). An insurance company should be given an opportunity to obtain resolution of a controversy before it ripens into a breach of contractual duty. Id. In Mesa Underwriters, the court found that the controversy was not abstract or hypothetical, since "all of the acts necessary for the resolution of the claim presented to Mesa occurred before Mesa filed its Complaint." Id. (citing Rowan, 876 F.2d at 28; QBE Ins. v. McFarland, 2011 WL 3625308, *2 (S.D. Miss. Aug. 17, 2011)(holding that a declaratory judgment action was ripe where a notice of claim had been presented to an insurer but no complaint for liability had been filed)).

In this case, Starr received a Loss Notice sent on behalf of MHD and SWD on or about June 26, 2012, prior to the original

Complaint for Declaratory Judgment, which was filed November 9, 2012. This Court adopts the reasoning in Mesa Underwriters and finds that Starr's declaratory judgment action is ripe. The Court also finds that it has authority to grant or deny relief in the case presented, and it shall exercise its authority to decide Starr's declaratory judgment action. RREF's motion to dismiss shall therefore be denied.

The Court now turns, sua sponte, to the question of subject matter jurisdiction over the counterclaims in this action.[2] Counterclaims have been filed against Starr by MHD, SWD and Pattison (docket entry 25), B&K (docket entry 30), and RREF (docket entry 41), alleging that these defendants have viable claims under the Starr policy. These breach of contract and/or bad faith counterclaims are not ripe because there has been no denial of coverage by Starr, and the counterclaims depend on breaches of contract that have not yet occurred. See Landmark American Ins. Co. v. Moulton Properties, Inc., 2009 WL 4348833, *1 (N.D. Fla. Nov. 24, 2009). The counterclaims shall therefore be dismissed without prejudice. See id. (counterclaimants are not precluded "from pursuing a separate action based upon a breach of contract should it henceforth occur.").

---

[2] "United States District Courts and Courts of Appeals have the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985).

Starr has filed several motions for summary judgment on the defendants' counterclaims, and on Starr's declaratory judgment complaint. These motions are against Pattison **(docket entry 141)**, MHD and SWD **(docket entry 184)**, RREF **(docket entry 187)**, and B&K **(docket entry 189)**. To the extent Starr seeks summary judgment on the counterclaims, its motions shall be denied without prejudice and may be renewed if and when the counterclaims are renewed. To the extent Starr seeks summary judgment on its own declaratory judgment complaint, the motions shall be denied without prejudice and Starr may re-urge them at the bench trial on its declaratory judgment action.

The defendants have also filed motions for summary judgment on their counterclaims. These motions are filed by B&K **(docket entry 193)**, MHD, SWD and Pattison **(docket entry 197)**, and RREF **(docket entry 199)**. Because the counterclaims are denied without prejudice, the defendants' motions for summary judgment are also denied without prejudice and may be renewed if and when the counterclaims are renewed.

Starr has filed a motion to limit the testimony of Albert "Yogi" Harris **(docket entry 191)**. The motion does not seek to limit Harris' testimony in the declaratory judgment action, but seeks to limit his testimony in the event there is a jury trial on the defendants' counterclaims. The Court shall therefore deny the motion without prejudice, and the plaintiff may renew its motion if

and when the counterclaims are renewed. Starr has also filed a motion in limine on various grounds related to the defendants' counterclaims **(docket entry 239)**. This motion shall also be denied without prejudice, and may be renewed if and when the defendants or any of them renew their counterclaims. RREF has also filed a motion in limine related to its counterclaims **(docket entry 240)**, and its motion shall be denied without prejudice, subject to being renewed if and when RREF renews its counterclaims. Finally, Starr has filed a motion to bifurcate **(docket entry 161)** which, in light of the Court's rulings, is moot. Starr may renew its motion if and when the counterclaims are refiled.

Accordingly,

IT IS HEREBY ORDERED that defendant RREF RB Acquisitions, Inc.'s Motion to Dismiss the plaintiff Starr Indemnity & Liability Company's Amended Complaint for Declaratory Judgment **(docket entry 195)** is DENIED;

FURTHER ORDERED that defendants Mississippi Housing Development Corporation, Inc., Southwest Development Corporation, Inc., and Pattison Apartment Homes III's Counterclaims (docket entry 25) are DISMISSED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant Britton & Koontz Bank, N.A.'s Counterclaims (docket entry 30) are DISMISSED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant RREF RB Acquisitions, Inc.'s Counterclaims (docket entry 41) are DISMISSED WITHOUT PREJUDICE;

FURTHER ORDERED that plaintiff Starr Indemnity & Liability Company's Motion for Summary Judgment on defendant Pattison's Counterclaims and on Starr's declaratory judgment complaint **(docket entry 141)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that plaintiff Starr's Motion for Summary Judgment on defendants MHD and SWD's Counterclaims and on Starr's declaratory judgment complaint **(docket entry 184)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that plaintiff Starr's Motion for Summary Judgment on defendant RREF's Counterclaims and on Starr's declaratory judgment complaint **(docket entry 187)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that plaintiff Starr's Motion for Summary Judgment on defendant B&K's Counterclaims and on Starr's declaratory judgment complaint **(docket entry 189)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant Britton & Koontz Bank, N.A.'s Motion for Summary Judgment **(docket entry 193)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that defendants MHD, SWD and Pattison's Motion for Summary Judgment **(docket entry 197)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant RREF RB Acquisitions, Inc.'s Motion for Summary Judgment **(docket entry 199)** is DENIED WITHOUT

PREJUDICE;

FURTHER ORDERED that plaintiff Starr's Motion to Limit the Testimony of Albert "Yogi" Harris **(docket entry 191)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that plaintiff Starr's Motion in Limine **(docket entry 239)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that defendant RREF's Motion in Limine **(docket entry 240)** is DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that plaintiff Starr's Motion to Bifurcate **(docket entry 161)** is MOOT.

The Court shall schedule a bench trial on the plaintiff's Declaratory Judgment Action and shall notify the parties of the dates of the pretrial conference and trial.

SO ORDERED, this the 31st day of March, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE